<u>NOT FOR PUBLICATION</u>                          (Docket Entry No. 407)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ | : | |
| McKOWAN LOWE & CO., LTD., | : | |
| | : | |
| Plaintiff, | : | Civil No. 94-5522 (RBK) |
| | : | |
| v. | : | Civil No. 96-2318 (RBK) |
| | : | |
| JASMINE, LTD., et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| HARRY BERGER, individually and on behalf of a class similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASMINE, LTD., et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

On June 30, 2005, this Court ruled on cross-motions for summary judgment filed by defendant Arthur Andersen LLP ("Andersen"), defendants Sands Brothers & Co., Steven Sands, and Martin Sands ("Sands Defendants" or "Sands"), and Plaintiffs. The Opinion and Order entered on that date ("Opinion") granted in part and denied in part Andersen and the Sands Defendants'

motions for summary judgment on all claims, and denied Plaintiffs' motion for summary judgment on the class claims under sections 11 and 12(a)(2) of the Securities Act of 1933.  This matter comes before the Court upon Plaintiffs' motion for "clarification" of the Opinion or, in the alternative, for a stay of this litigation and certification of certain issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  In this opinion, this Court will attempt to clarify the Opinion of June 30, 2005, and thus will deny as moot the alternative motion for interlocutory appeal.

**I.      CLARIFICATION**

In light of the Opinion, Plaintiffs now request "clarification as to how to proceed": (1) "on their § 12(a)(2) claim against Sands"; (2) "on their remaining state law claims against Andersen and Sands"; and (3) "on their claims against the defendants who did not move for summary judgment." (Pls.' Mem. 1-3.)  Plaintiffs' requests are based on this Court's holding that Plaintiffs had produced insufficient evidence of "loss causation"[1] (1) to make out a claim under section 10(b) and Rule

---

[1] Loss causation, on which the burden of proof rests with the plaintiff, is an essential element of a claim under section 10(b) and Rule 10b-5.  See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 177 (3d Cir. 2001).  Lack of loss causation is an affirmative defense under section 11.  In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004).

10b-5, and (2) to overcome Andersen and Sands' affirmative defense (of lack of loss causation) under section 11.

Plaintiffs' memorandum in support of their "motion for clarification" reveals Plaintiffs' apparent misunderstanding as to the scope of this Court's June 30, 2005 ruling.  The Opinion addressed only the arguments raised by the parties in their cross-motions for summary judgment.  It expressed no opinion as to arguments that were not raised on the papers, and therefore was not—as Plaintiffs appear to believe—a sua sponte rejection of any hypothetical argument that could have been raised on behalf of any party.  In short, the Opinion was a ruling <u>only</u> on the issues placed before this Court by the moving parties in their cross-motions for summary judgment.

Thus, this Court denied the Sands Defendants' motion for summary judgment as to the section 12(a)(2) claim because—and only because—the Sands Defendants' papers provided this Court with no grounds upon which to do so.[2]  This Court

---

[2] The moving party must first satisfy a burden of production, which "requires the moving party to make a prima facie showing that it is entitled to summary judgment." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 331 (1986), <u>quoted in</u> Op. at 18, June 30, 2005.  Where the burden of persuasion at trial would be on the nonmoving party, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  <u>Id.</u>  If the moving party has not fully discharged its initial burden of production, its motion for
(continued...)

denied Andersen and the Sands Defendants' motions for summary judgment as to the "remaining state law claims"[3] for—and only for—the same reason.[4]  (See Op. at 35.)  This Court expressed no opinion as to whether the non-moving defendants might be entitled to summary judgment because those defendants did not request it.  If Plaintiffs believe that a lack of "loss causation" as that term is used under section 10(b), Rule 10b-5, and section 11—not simply a lack of "causation" more generally[5]—would entitle any or all of the defendants to summary judgment on any or all of the claims remaining in this case, Plaintiffs may file an appropriate motion[6] raising that argument.  Defendants are free to do

---

[2](...continued)
summary judgment must be denied.  Id. at 332.

[3] See Op. at 2 n.1, 34-35, June 30, 2005.

[4] In its opposition brief, Andersen raises new arguments as to why it is entitled to summary judgment on the remaining state-law claims.  (See Andersen's Opp. at 2 & n.1, 3.)  Because those arguments are not properly before this Court on this motion for "clarification" and/or certification for interlocutory appeal, they will not be addressed in this opinion.

[5] Plaintiffs' reply brief conflates "loss causation" with the more general element of "causation" without explaining how those two terms are equivalent. (See Pls.' Reply at 1-2.)  This Court's Opinion addressed only "loss causation," which has a specific meaning under sections 10(b) and 11.  (See Op. at 19-21, 28, June 30, 2005.)

[6] The Court notes that a grant of summary judgment in a defendant's favor as to a particular claim does not result in "dismissal" of that claim, but rather in entry of judgment on that claim in favor of the defendant.  See Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 121 n.2 (3d Cir. 1999).

likewise.  This Court declines, however, to raise arguments sua sponte on behalf of any of the parties.  Construction of a legal theory as to "what possible legal basis exists upon which Plaintiffs can proceed" (Pls.' Mem. at 3) is a task more appropriately assumed by Plaintiffs' counsel than by this Court.

**II.        INTERLOCUTORY APPEAL**

Having thus "clarified" its Opinion and Order dated June 30, 2005, this Court will deny as moot Plaintiffs' alternative motion for a stay and certification for interlocutory appeal.

The accompanying Order shall issue today.

Dated:   August 23, 2005            /s/ Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge