NOT FOR PUBLICATION                    (Docket Entry No. 398)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____ :
                                    :
McKOWAN LOWE & CO., LTD.,           :
                                    :
            Plaintiff,              :   Civil No. 94-5522 (RBK)
                                    :
         v.                         :   **OPINION**
                                    :
JASMINE, LTD., et al.,              :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on appeal from a magistrate judge's order denying movant, Cary L. Flitter and the Law Firm of Lundy, Flitter, Beldecos & Berger, P.A. ("Flitter"), leave to withdraw as counsel for defendant Edward Maskaly ("Defendant").

**I.      Background**

Flitter currently represents Defendant in a securities fraud class action against Jasmine, Ltd. Defendant was Jasmine's Managing Director – Finance/Administration, CFO, and one of its Directors. Over the course of the ongoing representation, Defendant allegedly incurred $5,000 of unpaid legal bills and has been unresponsive to many of his counsel's attempts to communicate.

Flitter filed an initial motion to withdraw as counsel for Defendant on February 2, 2005, which was not opposed by either Defendant or the opposing party to the litigation. Magistrate Judge Ann Marie Donio denied Flitter's motion to withdraw without prejudice. Flitter filed a motion for reconsideration, which was also denied.

Treating the motion for reconsideration as a renewed motion to withdraw, Judge Donio found that Flitter failed to establish a sufficient basis to permit withdrawal. Specifically, Judge Donio held that the representation is not placing an unreasonable financial burden on Flitter or his law firm and that, while Flitter has clearly had difficulty communicating with his client, there has not been a complete cessation of communication. Judge Donio also noted that withdrawal would adversely affect relevant equitable considerations. In particular, withdrawal would result in prejudice to other litigants and to the administration of justice since there is no indication that Defendant will be able to adequately represent himself or obtain substitute counsel.

**II.      Jurisdiction and Standard of Review**

Under 28 United States Code § 636(b)(1)(A), a district court may not set aside a magistrate's determination of a pretrial matter unless "it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. §

636(b)(1)(A). See also United Steelworkers of America v. New Jersey Zinc, 828 F.2d 1001 (3d Cir.1987). An order is clearly erroneous only when the Court "is left with a definite and firm conviction that a mistake has been made." South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J.1988), aff'd, 993 F.2d 878 (3d Cir.1993)(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J.1994).

**III.    Discussion**

Unless other counsel is substituted, counsel may withdraw only with leave of court. L. Civ. R. 102.1.[1] Permission to withdraw is entirely within the discretion of the court, and a court may, therefore, refuse to allow withdrawal despite a showing of good cause.[2] R. Prof'l Conduct 1.16(c); Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996); United States v.

---

[1] Local Civil Rule 102.1 reads in full: "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." L. Civ. R. 102.1.

[2] Rule of Professional Conduct 1.16(c) states: "[A] lawyer shall continue representation notwithstanding good cause for terminating the representation" when so ordered by the court. RPC 1.16(c).

Cannistraro, 799 F. Supp. 410, 419 (D.N.J.1992).

In exercising its discretion, the court should look to four guiding factors: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case. See Comment, L. Civ. R. 18; Rusinow v. Kamara, 920 F. Supp. 69 (D.N.J.,1996); Haines v. Liggett Group, Inc., 814 F.Supp. 414, 422-23 (D.N.J.,1993).

Judge Donio carefully evaluated each of these four criteria to determine that the Flitter's reasons for withdrawal were inadequate, particularly in light of the relevant equitable considerations. Defendant is a high-level officer of a corporation currently defending itself against significant allegations of securities fraud. Since there are no indications that Defendant will hire substitute counsel, and since Defendant does not appear prepared to defend himself, Flitter's withdrawal would inhibit the administration of justice and prejudice the other litigants in this case.

The Court found that these considerations weighed strongly against granting Flitter leave to withdraw. This determination was well within the court's discretion and was neither clearly erroneous nor contrary to law. Because Flitter has failed to satisfy his burden of demonstrating that this

decision was clearly erroneous, the magistrate's order is affirmed.

The accompanying Order shall issue today.

Dated:  9-12-05          /s/ Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge