NOT FOR PUBLICATION                    (Docket No. 436)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____  :
                             :
McKOWAN LOWE & CO., LTD.,    :
                             :
          Plaintiff,         :    Civil No. 94-5522 (RBK)
                             :
     v.                      :    OPINION
                             :
JASMINE, LTD., et al.,       :
SNYDER,                      :
                             :
          Defendants.        :
_____  :
                             :
HARRY BERGER, individually   :
and on behalf of a class     :
similarly situated,          :
                             :    Civil No: 96-2318 (RBK)
          Plaintiff,         :
                             :
     v.                      :
                             :
JASMINE, LTD., et al.,       :
                             :
          Defendants.        :
_____  :
```

**KUGLER**, United States District Judge:

This matter comes before the Court on motion for summary judgment by Defendants Sands Brothers & Co., Ltd., Steven Sands, Martin Sands, and Sherman Henderson (collectively, "Sands Defendants"). For the reasons set forth below, the motion will be granted.

## I.   **Background**[1]

Named Plaintiff Harry Berger ("Berger") brought this securities fraud class action on November 27, 1995, against several Defendants, including Arthur Andersen, LLP, ("Andersen"), the Sands Defendants, McKowan Lowe & Co., Ltd., Tony Ngai, and Evelyn Wong (collectively, "McKowan Defendants"), Melvin Twersky and Edward Maskaly (collectively, "Twersky and Maskaly"), and Thomas Ciocco, Samuel Mangel, and Irving Mangel (collectively, "Jasmine Defendants").[2]

On June 30, 2005, this Court issued an Opinion and Order ("June 30 Opinion") granting in part and denying in part motions for summary judgment by Andersen and the Sands Defendants. In particular, the Court found that there was "no evidence on the record" to establish loss causation (June 30 Op. at 27), defined as "the link between the defendant's misconduct and the plaintiff's economic loss." Robbins v. Koger Props., Inc., 116 F.3d 1441, 1447 (11th Cir. 1997).

Defendants subsequently filed five separation motions for summary judgment, arguing that the absence of loss causation

---

[1] As the parties are now intimately familiar with the background and procedural history of this litigation, the facts are not recited at length here except as necessary to aid in understanding this disposition. The Court incorporates by reference the account of undisputed facts in its Opinion of June 30, 2005.

[2] The litigation itself was initiated by Plaintiff Bernard Cutler on November 3, 1994.

mandates summary judgment on all other claims. Plaintiffs did not oppose the motions, opting instead to file a brief conceding that loss causation is the rule of the case and that the lack of loss causation entitled Defendants to summary judgment. This Court addressed these motions in its Opinion and Order of December 20, 2005 ("December 20 Opinion"), granting the motions and ordering the parties to submit a statement advising the Court of any unresolved claims against any Defendants in light of the Order.

On January 6, 2006, Plaintiffs informed the Court that the sole remaining claims are (1) a claim against the Sands Defendants pursuant to section 12(a)(2) of the Securities Act of 1933 ("section 12"), (2) claims against the Sands and Jasmine Defendants[3] pursuant to the Illinois Securities Fraud Act, and (3) a New Jersey common law fraud claim against the Sands Defendants. (Pl. Mot. Amend Dec. 20, 2005, J., filed Jan. 6, 2006, at 4.)

At the same time, Plaintiffs moved to Amend/Correct the December 20, 2005, Judgment to grant summary judgment on all remaining claims. This Court denied Plaintiffs' Motion to Amend/Correct, for failure to identify any errors in the Court's Order of December 20, 2005.

---

[3] However, the Jasmine Defendants did indeed obtain summary judgment of the pending claims under the Illinois Security Fraud Act in this Court's December Opinion. (See Mangel, Ciocco, Mangel Mot. Summ. J., filed Nov. 15, 2005, at 6.)

The Sands Defendants now move for summary judgment of the remaining claims. Instead of filing an Opposition, Plaintiffs merely adopt and incorporate their response to Andersen's prior motion for summary judgment, filed October 7, 2005, conceding Andersen's entitlement to summary judgment.

## II.  Standard

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.

## III. Analysis

Presently remaining against the Sands Defendants are claims under the Illinois Securities Fraud Act and section 12(a)(2) of the Securities Act of 1933, and a claim for common law fraud. For the reasons set forth below, this Court will grant Defendants' motion for summary judgment of these claims.

As Defendants contend, this Court held in its June 30 Opinion that Plaintiffs had not established "that the alleged

4

misrepresentations proximately caused the decline in the security's value," <u>Semerenko v. Cendant Corp.</u>, 223 F.3d 165, 185 (3d Cir. 2000), and Plaintiffs concede that the absence of loss causation is now the law of the case. (Pl. Opp'n filed Apr. 13, 2006, incorporating Pl. Opp'n filed Oct. 7, 2005.)

In support of the present motion, the Sands Defendants incorporate the arguments set forth in Defendant Arthur Andersen's motion for summary judgment of September 14, 2005. This Court addressed Andersen's argument in its December 20 Opinion, finding that the absence of loss causation renders Plaintiffs unable to establish a claim under the Illinois Consumer Fraud Act. In particular, the Court held:

> Because of Plaintiffs' concession and because Defendants' argument appears consistent with Illinois law, <u>Martin v. Heinold Commodities, Inc.</u>, 163 Ill. 2d 33, 60-61 (Ill. 1994), Defendants' motion for summary judgment on the Illinois Consumer Fraud Act claim is granted. <u>See</u> <u>Id.</u> ("We find Illinois law to be similar to the analysis used by these Federal courts which require both transaction causation and loss causation in order to recover for misrepresentation in securities cases. Thus, plaintiffs here must prove what the Federal courts have termed loss causation prior to any recovery of damages.").

(Dec. 20 Op., at 12-13.)

This Court's reasoning in its December Opinion applies equally to the Sands Defendants' motion for summary judgment of Plaintiffs' Illinois Securities Act claim. Accordingly, summary judgment of this claim will be granted.

The Sands Defendants are also entitled to summary judgment

of Plaintiffs' claims for common law fraud. In its December 20
Opinion, this Court found that a prima facie claim of fraudulent
misrepresentation requires Plaintiffs to demonstrate that the
alleged injury was proximately caused by Plaintiffs' reliance on
the alleged misrepresentation. Richie and Pat Bonvie Stables,
Inc. v. Irving, 350 N.J. Super. 579, 589 (App. Div. 2002). The
absence of evidence supporting loss causation rendered Plaintiffs
unable to satisfy the proximate cause factor of the prima facie
case.

For the same reasons, Plaintiffs cannot successfully assert
a claim of fraud against the Sands Defendants, thereby entitling
the Sands Defendants to summary judgment of Plaintiffs' common
law fraud claim.

Finally, the Sands Defendants argue that the absence of loss
causation mandates summary judgment of Plaintiffs' claim under
section 12(a)(2). "To state a claim under section 12(a)(2),
plaintiffs must allege that they purchased securities pursuant to
a materially false or misleading 'prospectus or oral
communication.'" In re Adams Golf, Inc. Sec. Litig., 381 F.3d
267, 273 (3d Cir. 2004). Defendants can assert the absence of
loss causation as an affirmative defense to a claim under section
12(a)(2). Id.

In its June 30 Opinion, this Court granted summary judgment
of Plaintiffs' section 11 claims for the moving Defendants

because they adequately established the absence of loss causation as an affirmative defense. In particular, the Court held that:

> Because "[t]he market can only react to news when it is revealed" (see Cornell Report at 25), a defendant who demonstrates that the fraud was not disclosed to the market during the relevant time period has demonstrated that the plaintiffs' loss during that period was caused by factors other than the fraud.  Where the market never obtains information, it must be the case that factors other than that information are the sole cause of plaintiffs' loss.  Thus, a defendant can make out an affirmative defense under section 11 by demonstrating that the misrepresentations at issue were not disclosed to the market during the relevant time period.

(Op., June 30, 2005, at 30.) The Court then determined that Defendants had satisfactorily demonstrated that the public was not aware of the alleged misrepresentations.

This analysis of Plaintiffs' section 11 claim applies equally to Plaintiffs' claims under section 12. In re Adams Golf, 381 F.3d at 273. Because the absence of loss causation serves as an affirmative defense against Plaintiffs' section 12(a)(2) claim, the Sands Defendants are entitled to summary judgment of this claim.

For the reasons set forth above, the Sands Defendants motion for summary judgment will be granted.

The accompanying Order shall enter today.


Dated: May 5, 2006                    s/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge